```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

                              )
LE'KEISHA BROWN,              )
     Plaintiff,               )
                              )
v.                            )
                              )
AARON BUTLER,                 ) C.A. No. 3:17-cv-30030-MAP
     Defendant.               )
                              )
                              )
                              )
```

**MEMORANDUM AND ORDER RE: REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS**
**(Dkt. Nos. 8 and 24)**

March 15, 2018

PONSOR, U.S.D.J.

Plaintiff Le'Keisha Brown ("Plaintiff") has filed this nine-count action against Defendant Springfield Police Officer Aaron Butler ("Defendant") alleging violations of her civil rights. Defendant has moved to dismiss for failure to state a claim. (Dkt. No. 8.)

The motion was referred to Magistrate Judge Katherine A. Robertson for Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72. On December 22, 2017, Judge Robertson issued a 43-page report,

meticulously laying out the alleged facts, summarizing the applicable law, and analyzing the merits of each of Defendant's arguments. She recommended that Defendant's motion to dismiss be allowed as to Counts II and VI, and denied as to the remaining seven counts. (Dkt. No. 24.) On January 11, 2018, Defendant filed a timely objection to the R&R. (Dkt. No. 27.)

Upon de novo review, the court will adopt the R&R in its entirety. Defendant's motion to dismiss will therefore be allowed as it pertains to Counts II and VI and will otherwise be denied.

In reviewing a motion to dismiss, as Judge Robertson noted, the court must "accept as true all the well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." (Dkt. No. 24 at 5, citations omitted.) The question at this stage is simple: does the complaint allege "a plausible entitlement to relief"? Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1967 (2007).

With regard to the operative facts, it is not necessary to recite them here; they are laid out, without significant

objection, in the R&R. (Dkt. No. 24 at 2-5.) A copy of the R&R is appended to this memorandum as Exhibit 1. The central flaw in all of Defendant's objections is that, contrary to the law applicable at this stage of the litigation, Defendant's arguments do not accept the facts as pleaded, and they suggest inferences that, while possibly convincing at trial (or perhaps at summary judgment), are not permissible at this stage.

Plaintiff's legal theories can be usefully addressed in three clusters: claims related to false arrest and imprisonment (Counts I, III, and IV); claims related to excessive force (Counts V and VII), and claims related to the initiation of legal proceedings (Counts VIII and IX). Plaintiff has not objected to the dismissal of Counts II and VI, and they need not be addressed substantively in this memorandum.

With regard to the first grouping, at this early stage of the lawsuit the facts outlined in Counts I, III, and IV are more than sufficient to survive the motion to dismiss. A reasonable jury, accepting the facts as currently alleged, could conclude that Plaintiff was falsely arrested in

violation of her federal civil rights (Count I) and suffered both a common law false arrest and false imprisonment (Counts III and IV). Judge Robertson's careful analysis makes clear that, accepting the facts as alleged, a jury could plausibly find that Plaintiff's arrest could not be justified based on conduct by her constituting disorderly conduct, disturbing the peace, or interfering with a police officer under Massachusetts law. (Dkt. 24 at 11-22.) Similarly, it would be entirely justified in finding that no argument in support of qualified immunity would protect the officer in the circumstances alleged from liability for civil rights and common law violations. A jury would not be bound to accept that Defendant was responding to exigent circumstances or providing some kind of emergency assistance. Accepting Plaintiff's facts, no such circumstances existed and no assistance was needed; a reasonable officer would have known that perfectly well. (<u>Id.</u> at 22-28.) Defendant's arguments may be raised on a clearer record at the summary judgment stage, but they are not sufficient to justify dismissal now.

The objections with regard to the excessive force claims (Counts V and VII) are similarly unpersuasive. The question of reasonableness in the use of force can rarely be resolved on a motion to dismiss. Accepting Plaintiff's facts, no reasonable officer would have believed that an application of force was needed to confront an imminent risk to the children or for any other reason. Defendant's actions in pushing Plaintiff against the porch railing, shoving her again so that she fell down, and cocking his fist as though he were about to hit her may be found by a jury to have been justified based upon alternate, credible facts, but the allegations as set forth in the complaint, which must be accepted by the court at this stage, are sufficient to support a contrary jury conclusion.

Finally, with regard to Counts VII and IX, the facts as alleged are sufficient to make out a claim both for malicious prosecution and for abuse of process. (Id. at 40-43.) Under Massachusetts law, establishing a malicious prosecution claim requires proving malice, among other elements. Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001). Malice, defined as "any wrong or unjustifiable

motive," may be "inferred from a lack of probable cause," Campbell v. Casey, 166 F. Supp. 3d 144, 153 (D. Mass. 2016). Accepting the facts as alleged, a jury could well find no probable cause to believe that Plaintiff had committed any crime justifying her prosecution.  The common law tort of abuse of process requires establishing that a defendant used "process" for an "ulterior or illegitimate purpose."  Eason v. Alexis, 824 F. Supp. 2d 236, 243 (D. Mass. 2011) (internal quotations omitted).  Establishing an abuse of process claim requires an inquiry into Defendant's motive which is not amenable to resolution on a motion to dismiss. See Santiago v. Fenton, 891 F.2d 373, 388 (1st Cir. 1989). For these reasons, Plaintiff's malicious prosecution and abuse of process claims survive Defendant's motion to dismiss.

    The Report and Recommendation of the Magistrate Judge (Dkt. No. 24), upon de novo review, is hereby adopted. Defendants' Motion to Dismiss (Dkt. No. 8) is hereby ALLOWED as to Counts II and VI and DENIED as to all remaining counts.  The case is hereby referred to Magistrate Judge Robertson for a conference pursuant to Fed. R. Civ. P. 16.

It is So Ordered.

                                 /s/ Michael A. Ponsor
                                 **MICHAEL A. PONSOR**
                                 **U.S. DISTRICT JUDGE**